T.C. Summary Opinion 2008-72

UNITED STATES TAX COURT

GAETANO P. DRAGO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10573-07S.                    Filed June 23, 2008.

<u>Robert J. Scott</u>, for petitioner.

<u>Gary J. Merken</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $3,118 deficiency in petitioner's 2005 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for his two minor children; (2) whether petitioner is entitled to a nonrefundable child tax credit and a refundable additional child tax credit with respect to each of his children; and (3) whether petitioner is entitled to head of household filing status.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Jersey at the time he filed his petition.

Petitioner has two children from a marriage which was dissolved by a judgment of the Superior Court of New Jersey, Chancery Division, on January 24, 1994 (the divorce decree). As part of the divorce decree, the New Jersey superior court: (1) Granted joint legal custody of the two children to petitioner and his former spouse and ordered that the children were to reside

with petitioner's former spouse;[1] and (2) ordered petitioner to pay child support.  The divorce decree further provided:

c.    PERSONAL EXEMPTIONS FOR CHILDREN OF THE MARRIAGE.

Defendant [petitioner's former spouse] agrees to sign an IRS form 8332 at the same time that she signs this Agreement, waiving the right as primary residential custodial parent of the children to claim them as her personal exemptions for federal and state income tax purposes, which waiver shall be for 1993 and for each tax year thereafter for so long as Plaintiff [petitioner] may be entitled to claim the children as his personal exemptions under the Internal Revenue Code * * *

The parties stipulated that from 1994 through 2005:  (1) Petitioner "was always current with his support payments for his children and that such payments amounted to 59 percent of their support"; and (2) petitioner's former spouse "contributed the remaining 41 percent of support for [the children]."

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2005 on which he reported his filing status as head of household.  Petitioner's return was prepared with the assistance of a professional tax return preparer.  Petitioner claimed dependency exemption deductions for his two children as well as child tax credits and an additional child tax credit for those children.

---

[1]Petitioner's former spouse was designated the "residential parent" and as such was responsible "for the day-to-day decision-making on behalf of the children."  All major parenting decisions were to be jointly made and "governed by the standard of 'the best interests of the children.'"

Petitioner's former spouse did not execute a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar declaration stating that she would not claim the dependency exemption deduction for either of the two children for 2005. Rather, as indicated by respondent's records, petitioner's former spouse claimed petitioner's two children as dependents on her 2005 Federal income tax return. She also claimed child tax credits with respect to those children for 2005.

Respondent determined that: (1) Petitioner is not eligible for the dependency exemption deductions claimed for the minor children, or for the child tax credits or the additional child tax credits claimed for those children; and (2) petitioner is not entitled to the claimed head of household filing status.

## Discussion

A taxpayer may claim a dependency exemption deduction for a child as long as the child meets the statutory definition of a "dependent". Sec. 151(c). The term "dependent" means a "qualifying child"[2] or "qualifying relative".[3] Sec. 152(a).

---

[2]Sec. 152(c) provides that a "qualifying child" means, with respect to any taxpayer for any taxable year, an individual who: (1) Is a child of the taxpayer or a descendant of such child, or is a brother, sister, stepbrother, stepsister of the taxpayer or a descendant of any such relative; (2) has the same principal place of abode as the taxpayer for more than one-half of such taxable year; (3) has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer

(continued...)

Special rules determine which parent may claim a child as a dependent where the parents are divorced or separated. See sec. 152(e).

Before 1985 the custodial parent generally was treated as the parent that provided more than half of the support for each child and was entitled to the dependency exemption deduction. The noncustodial parent, however, was entitled to the dependency exemption deduction if: (1) He or she provided $1,200 or more for the support of the child; and (2) the custodial parent did not clearly establish by a preponderance of the evidence that he

---

[2](...continued) begins, or is a student who has not attained the age of 24 as of the close of such calendar year (with a special rule for disabled individuals); and (4) has not provided over one-half of such individual's own support for the calendar year in which the taxable year of the taxpayer begins.

[3]Sec. 152(d) provides that a "qualifying relative" means, with respect to any taxpayer for any taxable year, an individual: (1) Who is a child or a descendant of a child; a brother, sister, stepbrother, or stepsister; the father or mother, or an ancestor of either; a stepfather or stepmother; a son or daughter of a brother or sister of the taxpayer; a brother or sister of the father or mother of the taxpayer; a son-in-law, daughter-in-law, father-in-law, mother-in-law, brother-in-law, or sister-in-law; or an individual (other than an individual who at any time during the taxable year was the spouse, determined without regard to sec. 7703, of the taxpayer) who, for the taxable year of the taxpayer, has the same principal place of abode as the taxpayer and is a member of the taxpayer's household; (2) whose gross income for the calendar year in which such taxable year begins is less than the exemption amount (as defined in sec. 151(d)); (3) with respect to whom the taxpayer provides over one-half of the individual's support for the calendar year in which such taxable year begins; and (4) who is not a qualifying child of such taxpayer or of any other taxpayer for any taxable year beginning in the calendar year in which such taxable year begins.

or she provided more than the noncustodial parent.  See sec. 152(e) before amendment by the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, sec. 423(a), 98 Stat. 799.  In many situations these rules put the Internal Revenue Service in the middle of conflicts between parents that were "often subjective and [presented] difficult problems of proof and substantiation." H. Rept. 98-432 (Part 2), at 1498 (1984).

Congress amended section 152(e) to provide that for tax years beginning January 1, 1985, the dependency exemption deduction is to be given to the custodial parent unless that parent waives the right to claim it.  Id. at 1499.  Absent a written declaration that meets the requirements of section 152(e)(2), in the case of a child whose parents are divorced or separated and together provide over half of the support for the child, the child is generally treated as being the qualifying child or qualifying relative of the custodial parent, and that parent is entitled to the dependency exemption deduction under

section 152(e)(1).[4]  Custody is determined by the most recent divorce or custody decree.  Sec. 1.152-4(b), Income Tax Regs.

This Court has rejected claims that a provision allocating personal exemptions in the divorce decree is sufficient to entitle a taxpayer to those exemptions pursuant to section 152(e)(2).  Miller v. Commissioner, 114 T.C. 184, 193 (2000).  We have stated that section 152(e)(2) "clearly and unambiguously requires the custodial parent to sign a written declaration releasing the dependency exemption for his or her child to the noncustodial parent."  Id.

In the case at hand the divorce decree granted primary physical custody of petitioner's children to petitioner's former spouse.  Petitioner's former spouse had custody of the children for the greater part of 2005.  She did not execute a Form 8332 or similar written declaration stating that she would not claim the children as dependents for 2005, and thus petitioner did not, and

---

[4]Sec. 152(e)(2) was amended, effective for tax years beginning after Dec. 31, 2004, to provide that a child could be the qualifying child of a noncustodial parent if "a decree of divorce * * * provides that * * * the noncustodial parent shall be entitled to any deduction allowable under section 151 * * * or * * * the custodial parent will sign a written declaration (in such manner and form as the Secretary may prescribe) that such parent will not claim such child as a dependent for such taxable year".  See the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169.  This provision might have afforded petitioner relief, but it was eliminated by retroactive amendments that restored the DEFRA waiver requirement of sec. 152(e)(2).  See Gulf Opportunity Zone Act of 2005, Pub. L. 109-135, sec. 404, 119 Stat. 2632.

could not, attach to his 2005 tax return the required release of dependency exemption claim for children of divorced parents. On the contrary, petitioner's former spouse claimed the children as dependents on her 2005 Federal income tax return and claimed child tax credits with respect to the children, even though such was evidently in violation of the divorce decree. Consequently, we are required to hold that for tax year 2005 petitioner is not entitled to dependency exemption deductions for the two children from his previous marriage.

Petitioner claimed child tax credits and additional child tax credits for the two children he claimed as dependents. Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" for purposes of the child tax credit is defined in section 24(c) and as defined therein is more restrictive than the definition set forth in section 152(c). A "qualifying child" for purposes of the child tax credit means a qualifying child as defined in section 152(c) who has not attained the age of 17 as of the close of the taxable year. Sec. 24(c)(1).

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit (the additional child tax credit) for families with three or more children. For tax years

beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the additional credit. See sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), (e), 115 Stat. 46, 47.

A child of separated or divorced parents will be treated as the qualifying child of the noncustodial parent only if the requirements of section 152(e)(2), relating to the written declaration by the custodial parent, are met. Sec. 152(a)(1), (e). Because petitioner did not attach the written declaration to his 2005 return, petitioner's children are not qualifying children with respect to him for 2005. Therefore, petitioner is not entitled to claim child tax credits with respect to his children. Moreover, petitioner is not entitled to claim additional child tax credits because the children did not qualify for child tax credits.

Finally, we must determine whether petitioner is entitled to head of household filing status. Section 1(b) imposes a special tax rate on an individual filing a Federal income tax return as head of household. As relevant here, section 2(b)(1) defines "head of a household" as an individual taxpayer who: (1) Is unmarried at the close of the taxable year; and (2) maintains as his home a household which constitutes for more than one-half of

the taxable year the principal place of abode of a qualifying child of the taxpayer determined without regard to section 152(e). Sec. 2(b)(1)(A). Because petitioner's children did not reside with him for more than one-half of the taxable year, neither are they qualifying children nor did petitioner maintain a household which constituted their principal place of abode for more than one-half of the year. Accordingly, petitioner is not entitled to head of household filing status for 2005.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.